## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**BARRY THOMPSON, ROGER MORERA, and GREGORY RAYMOND, individually and on behalf of others similarly situated,**

      **Plaintiffs,**

**v.**                         **CASE NO.: 6:14-CV-01592-RBD-DAB**

**DEALERSHIP MANAGEMENT SERVICES, INC., a Georgia Profit Corporation; TT OF BREVARD, INC. d/b/a TOYOTA OF MELBOURNE; A Florida Profit Corporation; and TT OF MELBOURNE, INC. d/b/a LEXUS OF MELBOURNE; a Florida Profit Corporation,**

      **Defendants.**

_____/

### DEFENDANT, DEALERSHIP MANAGEMENT SERVICES, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

COMES NOW, Defendant, DEALERSHIP MANAGEMENT SERVICES, INC. (hereinafter "DMS"), by and through its counsel of record and files its Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint (the "First Amended Complaint"), filed by Plaintiffs, BARRY THOMPSON, ROGER MORERA, and GREGORY RAYMOND ("Plaintiffs"), allegedly on behalf of themselves and other "similarly situated" individuals whom they purport to represent, the existence of which is expressly denied.

In response to the numbered allegations in the First Amended Complaint, and using the same numbering that appears therein, Defendant DMS answers as follows:

## INTRODUCTION

1.      Defendant DMS admits that Plaintiffs in this case have worked for DMS as Car Washers and/or Car Detailers at one or both of Co-Defendants' Melbourne, Florida dealership locations.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 1 of the First Amended Complaint.

2.      Defendant DMS denies the allegations set forth in Paragraph 2 of the First Amended Complaint as such allegations pertain to DMS.

3.      Defendant DMS admits its business handles washing and detailing Lexus and Toyota vehicles.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 3 of the First Amended Complaint.

4.      Defendant DMS denies the allegations set forth in Paragraph 4 of the First Amended Complaint.

5.      Paragraph 5 of the First Amended Complaint contained a purported statement of law to which no response is required.  To the extent a response is required, Defendant DMS denies the allegations contained in Paragraph 5 to the extent said allegations infer or imply any wrong doing by Defendants.

6.      Paragraph 6 of the First Amended Complaint contained a purported statement of law to which no response is required.  To the extent a response is required, Defendant DMS denies the allegations contained in Paragraph 6 to the extent said allegations infer or imply any wrong doing by Defendants.

7.      Defendant DMS can neither admit nor deny, and therefore, Defendant DMS denies the allegations set forth in Paragraph 7 of the First Amended Complaint.

8.     Defendant DMS denies the allegations set forth in Paragraph 8 of the First Amended Complaint.

9.     Defendant DMS admits that Plaintiffs were compensated by DMS for the services they provided based upon the number of services they provided (*i.e.,* a piece rate compensation system).  Assuming, *arguendo*, they were employees of Defendant DMS, the compensation paid to them was lawful and in compliance with the FLSA.  Defendant DMS denies that it did not ensure that proper minimum wages and overtime wages were tendered and denies Plaintiffs and any groups they purport to represent are entitled to any relief whatsoever.  Defendant DMS further denies it violated 29 U.S.C. §§ 206(a) and 207(a) or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent, the existence of which is expressly denied.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 9 of the First Amended Complaint.

10.     Defendant DMS denies the allegations set forth in Paragraph 10 of the First Amended Complaint.

11.     Defendant DMS denies the allegations set forth in Paragraph 11 of the First Amended Complaint.

12.     Defendant DMS admits that Plaintiffs purport to bring this action on behalf of themselves and "others similarly situated" for recovery of unpaid minimum wages, unpaid overtime wages, liquidated damages and attorneys' fees and costs, however, Defendant DMS denies that it was ever Plaintiffs' employer, that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group(s) of individuals they purport to represent, the existence of which is expressly denied and further denies that Plaintiffs or any groups they purport to represent are entitled to any relief whatsoever.  Except as expressly

admitted herein, Defendant DMS denies the allegations set forth in paragraph 12 of the First Amended Complaint.

13.     Defendant DMS admits that since the filing of Plaintiffs' original Complaint, thirteen (13) individuals, in addition to the named Plaintiffs, have filed Consents to Join in this case, to which Defendant DMS denies the existence of entitlement to any relief whatsoever. Defendant DMS denies that it was ever those additional thirteen (13) individual Plaintiffs' employer, and that it violated the FLSA or any other law with respect to those (13) individuals. Except as expressly admitted herein, Defendant DMS denies the allegations set forth in paragraph 13 of the First Amended Complaint.

14.     Defendant DMS denies the allegations and all subparts (1) through (4) set forth in Paragraph 14 of the First Amended Complaint.

## JURISDICTION AND VENUE

15.     Defendant DMS denies that it is subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 as they arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq*.  Defendant DMS denies it has violated the FLSA or any other law with regard to Plaintiffs and denies that Plaintiffs are entitled to any relief whatsoever.

16.     Assuming, *arguendo*, that DMS is subject to the jurisdiction of this Court, Defendant DMS admits that venue is proper in this Court.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 16 of the First Amended Complaint.

17.     Defendant DMS admits this case was originally filed in Circuit Court in the Eighteenth Judicial Circuit in and for Brevard County, Florida.

18.     Defendant DMS admits it removed this action on September 30, 2014, pursuant to 28 U.S.C. § 1441.

### STATEMENT OF FACTS

19.     Defendant DMS admits that it is a Georgia Profit Corporation registered to do business with the State of Georgia Secretary of State since 2008.

20.     Defendant DMS admits it conducts business in Florida and is not registered with the Florida Division of Corporations.  Defendant DMS denies that Plaintiffs were employees, but rather retains independent contractors for DMS.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 20 of the First Amended Complaint.

21.     Defendant DMS admits Timothy Puffer is the owner and CFO of DMS. Defendant DMS expressly denies that Timothy Puffer is a Defendant in the subject case, that he is or was Plaintiffs' employer within the meaning of the FLSA.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 21 of the First Amended Complaint.

22.     Defendant DMS denies Timothy Puffer participates in the day-to-day operations of DMS as set forth in Paragraph 22 of the First Amended Complaint.  Defendant DMS expressly denies that Timothy Puffer is an employer or that he was Plaintiffs' employer within the meaning of the FLSA.

23.     Defendant DMS admits that Timothy Puffer participates in the determination of the rate(s) of pay for DMS' independent contractors.  Defendant DMS expressly denies that Timothy Puffer is an employer or that he was Plaintiffs' employer within the meaning of the FLSA.  Defendant DMS denies that Plaintiffs were ever employees of Defendant.  Rather, at all relevant times, Plaintiffs were properly classified as independent contractors of DMS.  Defendant

DMS denies the existence of any such similarly situated group of individuals and Defendant DMS denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendant DMS further denies that it violated FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 23 of the First Amended Complaint.

24.     Defendant DMS admits that Timothy Puffer participated in the decision to properly classify the Plaintiffs as independent contractors.  Defendant DMS expressly denies that Timothy Puffer is an employer or that he was Plaintiffs' employer within the meaning of the FLSA.

25.     Defendant DMS admits that Timothy Puffer participates in the formulation of DMS company policies and procedures.  Defendant DMS expressly denies that Timothy Puffer is an employer or that he was Plaintiffs' employer within the meaning of the FLSA.

26.     Defendant DMS denies that Timothy Puffer supervised the work performed by the Plaintiffs.  Defendant DMS expressly denies that Timothy Puffer is an employer or that he was Plaintiffs' employer within the meaning of the FLSA.

27.     Defendant DMS admits that Timothy Puffer acted in the interests of DMS.  Defendant DMS expressly denies that Timothy Puffer is an employer or that he was Plaintiffs' employer within the meaning of the FLSA.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 27 of the First Amended Complaint.

28.     Defendant DMS denies the allegations set forth in Paragraph 28 of the First Amended Complaint.

29.     Defendant DMS admits that DMS, during some of the relevant period, had a business relationship with Defendants TT OF BREVARD, INC. D/B/A TOYOTA OF MELBOURNE ("TOYOTA") and TT OF MELBOURNE, INC. D/B/A LEXUS OF MELBOURNE ("LEXUS") and provided the services of Plaintiffs, who were independent contractors for DMS, to provide car washing duties on the premises of Defendants TOYOTA and LEXUS.   Defendant DMS denies that Plaintiffs were ever employees of any of the Defendants.   Rather, at all relevant times, Plaintiffs were independent contractors for DMS. Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 29 of the First Amended Complaint.

30.     DMS admits DMS and its related entities grossed more than $500,000 in business in 2010.

31.     DMS admits DMS and its related entities grossed more than $500,000 in business in 2011.

32.     DMS admits DMS and its related entities grossed more than $500,000 in business in 2012.

33.     DMS admits DMS and its related entities grossed more than $500,000 in business in 2013.

34.     Defendant DMS is without knowledge of whether TT OF BREVARD ("TOM") is a Florida Profit Corporation and therefore denies the allegations set forth in Paragraph 34 of the First Amended Complaint.

35.     Defendant DMS is without knowledge of whether TOM has been doing business since 2006 and therefore denies the allegations set forth in Paragraph 35 of the First Amended Complaint.

36.     Upon understanding and belief, Defendant DMS admits that TOM sells, purchases and leases new and used cars at its dealership located at 24 N. Harbor City Blvd., Melbourne, FL 32935.

37.     Defendant DMS is without knowledge of whether TOM employed two or more employees who handled or worked on goods that were moved in the flow of interstate commerce, and therefore denies the allegations set forth in Paragraph 37 of the First Amended Complaint.

38.     Defendant DMS is without knowledge of whether TOM and its related entities grossed more than $500,000 in sales or business in 2010 and therefore denies the allegations set forth in Paragraph 38 of the First Amended Complaint.

39.     Defendant DMS is without knowledge of whether TOM and its related entities grossed more than $500,000 in sales or business in 2011 and therefore denies the allegations set forth in Paragraph 39 of the First Amended Complaint.

40.     Defendant DMS is without knowledge of whether TOM and its related entities grossed more than $500,000 in sales or business in 2012 and therefore denies the allegations set forth in Paragraph 40 of the First Amended Complaint.

41.     Defendant DMS is without knowledge of whether TOM and its related entities grossed more than $500,000 in sales or business in 2013 and therefore denies the allegations set forth in Paragraph 41 of the First Amended Complaint.

42.     Upon information and belief, Defendant DMS admits TOM offers its customers car washing and detailing services at its dealership location.

43.     Defendant DMS denies that all individuals who perform washing and detailing services at TOM's dealership location are paid by DMS.  However, Defendant DMS admits that

the Plaintiffs were compensated by DMS for the services they provided based upon the number of services they provided (*i.e.,* a piece rate compensation system). Defendant DMS denies that Plaintiffs were ever employees of any Defendant. Assuming, *arguendo*, they were employees of Defendant DMS, the compensation paid to them was lawful and in compliance with the FLSA. Defendant DMS further denies the existence of any purported similarly situated group of individuals and Defendant denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever. Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent. Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 43 of the First Amended Complaint.

44.     Defendant DMS admits that the Plaintiffs in the subject case performed work duties at the direction of DMS as "detailers" and/or "service washers" at TOM's dealership location.

45.     Defendant DMS admits that Plaintiffs were provided uniforms that had logos for DMS and "Toyota" on them for purposes of being identifiable as authorized to move cars on the lots. Defendant DMS denies the existence of any purported similarly situated group of individuals and Defendant DMS denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever. Defendant DMS further denies that any Defendant was Plaintiffs' employer. Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent. Except as expressly admitted herein,

Defendant DMS denies the allegations set forth in Paragraph 45 of the First Amended Complaint.

46.     Defendant DMS admits that Plaintiffs were provided uniforms that had logos for DMS and "Toyota" on them for purposes of being identifiable as authorized to move cars on the lots.   Defendant DMS denies the existence of any purported similarly situated group of individuals and Defendant DMS denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.   Defendant DMS further denies that any Defendant was Plaintiffs' employer.   Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.   Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 46 of the First Amended Complaint.

47.     Upon information and belief, Defendant DMS admits TOM's Sales Center is open as alleged in Paragraph 47 of the First Amended Complaint.

48.     Upon information and belief, Defendant DMS admits TOM's Service Center is open as alleged in Paragraph 48 of the First Amended Complaint.

49.     Upon information and belief, Defendant DMS admits TOM offers regular car washing and detailing as alleged in Paragraph 49 of the First Amended Complaint.

50.     Upon information and belief, Defendant DMS admits that Christopher Heinze ("Heinze") is the General Manager of TOYOTA.   Defendant DMS denies that Plaintiffs were ever employees of Heinze within the meaning of the FLSA.   Rather, at all relevant times Plaintiffs were independent contractors for DMS.

51.     Defendant DMS is without knowledge of whether Heinze participated in the day-to-day operation of TOM and therefore denies the allegations set forth in Paragraph 51 of the First Amended Complaint.

52.     Defendant DMS denies the allegations set forth in Paragraph 52 of the First Amended Complaint.

53.     Defendant DMS denies the allegations set forth in Paragraph 53 of the First Amended Complaint.

54.     Defendant DMS is without knowledge as to whether Heinze participates in the formulation of TOM company policies and procedures and therefore denies the allegations set forth in Paragraph 54 of the First Amended Complaint.

55.     Defendant DMS denies the allegations set forth in Paragraph 55 of the First Amended Complaint.

56.     Defendant DMS is without knowledge as to whether Heinze acted in the interests of TOM and therefore denies the allegations set forth in Paragraph 56 of the First Amended Complaint.

57.     Defendant DMS is without knowledge of whether TT OF MELBOURNE ("LOM") is a Florida Profit Corporation and therefore denies the allegations set forth in Paragraph 57 of the First Amended Complaint.

58.     Defendant DMS is without knowledge of whether LOM has been doing business since 2006 and therefore denies the allegations set forth in Paragraph 58 of the First Amended Complaint.

59.     Upon understanding and belief, Defendant DMS admits that LOM sells, purchases and leases new and used cars at its dealership located at 6927 Bromley Drive, Viera, FL 32940.

60.     Defendant DMS is without knowledge of whether LOM employed two or more employees who handled or worked on goods that were moved in the flow of interstate commerce, and therefore denies the allegations set forth in Paragraph 60 of the First Amended Complaint.

61.     Defendant DMS is without knowledge of whether LOM and its related entities grossed more than $500,000 in sales or business in 2010 and therefore denies the allegations set forth in Paragraph 61 of the First Amended Complaint.

62.     Defendant DMS is without knowledge of whether LOM and its related entities grossed more than $500,000 in sales or business in 2011 and therefore denies the allegations set forth in Paragraph 62 of the First Amended Complaint.

63.     Defendant DMS is without knowledge of whether LOM and its related entities grossed more than $500,000 in sales or business in 2012 and therefore denies the allegations set forth in Paragraph 63 of the First Amended Complaint.

64.     Defendant DMS is without knowledge of whether LOM and its related entities grossed more than $500,000 in sales or business in 2013 and therefore denies the allegations set forth in Paragraph 64 of the First Amended Complaint.

65.     Upon information and belief, Defendant DMS admits LOM offers its customers car washing and detailing services at its dealership location.

66.     Defendant DMS denies that all individuals who perform washing and detailing services at TOM's dealership location are paid by DMS.  However, Defendant DMS admits that

the Plaintiffs were compensated by DMS for the services they provided based upon the number of services they provided (*i.e.,* a piece rate compensation system).  Defendant DMS denies that Plaintiffs were ever employees of any Defendant.  Assuming, *arguendo*, they were employees of Defendant, the compensation paid to them was lawful and in compliance with the FLSA. Defendant DMS further denies the existence of any purported similarly situated group of individuals and Defendant denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 66 of the First Amended Complaint.

67.  Defendant DMS admits that the Plaintiffs in the subject case performed work duties as "detailers" and/or "service washers" at TOM's dealership location.

68.  Defendant DMS admits that Plaintiffs were provided uniforms that had logos for DMS and "Lexus" on them for purposes of being identifiable as authorized to move cars on the lots.  Defendant DMS denies the existence of any purported similarly situated group of individuals and Defendant DMS denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendant DMS further denies that any Defendant was Plaintiffs' employer.  Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 68 of the First Amended Complaint.

69.     Defendant DMS admits that Plaintiffs were provided uniforms that had logos for DMS and "Lexus" on them for purposes of being identifiable as authorized to move cars on the lots.   Defendant DMS denies the existence of any purported similarly situated group of individuals and Defendant DMS denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.   Defendant DMS further denies that any Defendant was Plaintiffs' employer.   Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.   Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 69 of the First Amended Complaint.

70.     Upon information and belief, Defendant DMS admits LOM's Sales Center is open as alleged in Paragraph 70 of the First Amended Complaint.

71.     Upon information and belief, Defendant DMS admits LOM's Service Center is open as alleged in Paragraph 71 of the First Amended Complaint.

72.     Upon information and belief, Defendant DMS admits TOM offers regular car washing and detailing as alleged in Paragraph 72 of the First Amended Complaint.

73.     Upon information and belief, Defendant DMS admits that T.R. Page ("Page") is the General Manager of LEXUS.   Defendant DMS denies that Plaintiffs were ever employees of Page within the meaning of the FLSA.   Rather, at all relevant times Plaintiffs were independent contractors for DMS.

74.     Defendant DMS is without knowledge of whether Page participated in the day-to-day operation of LOM and therefore denies the allegations set forth in Paragraph 74 of the First Amended Complaint.

75.     Defendant DMS denies the allegations set forth in Paragraph 75 of the First Amended Complaint.

76.     Defendant DMS denies the allegations set forth in Paragraph 76 of the First Amended Complaint.

77.     Defendant DMS is without knowledge as to whether Page participates in the formulation of LOM company policies and procedures and therefore denies the allegations set forth in Paragraph 77 of the First Amended Complaint.

78.     Defendant DMS denies the allegations set forth in Paragraph 78 of the First Amended Complaint.

79.     Defendant DMS is without knowledge as to whether Page acted in the interests of LOM and therefore denies the allegations set forth in Paragraph 79 of the First Amended Complaint.

80.     Upon information and belief, Defendant DMS admits that the President of TOM is Terry Taylor as alleged in Paragraph 80 of the First Amended Complaint.  Defendant DMS denies that Plaintiffs were ever employees of Terry Taylor within the meaning of the FLSA. Rather, at all relevant times Plaintiffs were independent contractors for DMS.

81.     Upon information and belief, Defendant DMS admits that the President of LOM is Terry Taylor as alleged in Paragraph 81 of the First Amended Complaint.  Defendant DMS denies that Plaintiffs were ever employees of Terry Taylor within the meaning of the FLSA. Rather, at all relevant times Plaintiffs were independent contractors for DMS.

82.     Upon information and belief, Defendant DMS admits that TOM has corporate offices located at 505 S. Flagler Drive, Suite 700, West Palm Beach, Florida 33401.

83.     Upon information and belief, Defendant DMS admits that LOM has corporate offices located at 505 S. Flagler Drive, Suite 700, West Palm Beach, Florida 33401.

84.     Defendant DMS is without knowledge as to whether Terry Taylor has an office located at 505 S. Flagler Drive, Suite 700, West Palm Beach, Florida 33401 and therefore denies the allegations set forth in Paragraph 84 of the First Amended Complaint.

85.     Defendant DMS is without knowledge as to whether Nancy Cera is a corporate officer for both TOM and LOM and therefore denies the allegations set forth in Paragraph 85 of the First Amended Complaint.

86.     Defendant DMS is without knowledge as to whether Nancy Cera has an office located at 505 S. Flagler Drive, Suite 700, West Palm Beach, Florida 33401 and therefore denies the allegations set forth in Paragraph 86 of the First Amended Complaint.

87.     Defendant DMS is without knowledge as to whether Stephen Terry is a corporate officer for both TOM and LOM and therefore denies the allegations set forth in Paragraph 87 of the First Amended Complaint.

88.     Defendant DMS is without knowledge as to whether Stephen Terry has an office located at 505 S. Flagler Drive, Suite 700, West Palm Beach, Florida 33401 and therefore denies the allegations set forth in Paragraph 88 of the First Amended Complaint.

89.     Defendant DMS is without knowledge as to whether TOM and LOM share a web service provider and therefore denies the allegations set forth in Paragraph 89 of the First Amended Complaint.

90.     Defendant DMS is without knowledge as to whether TOM and LOM share human resources employees and therefore denies the allegations set forth in Paragraph 90 of the First Amended Complaint.

91.     Defendant DMS is without knowledge as to whether TOM and LOM share accounting services and therefore denies the allegations set forth in Paragraph 91 of the First Amended Complaint.

92.     Defendant DMS is without knowledge as to whether TOM and LOM share inventory and therefore denies the allegations set forth in Paragraph 92 of the First Amended Complaint.

93.     Defendant DMS is without knowledge as to whether TOM and LOM share marketing services and products and therefore denies the allegations set forth in Paragraph 93 of the First Amended Complaint.

94.     Defendant DMS is without knowledge as to whether TOM and LOM share employees and therefore denies the allegations set forth in Paragraph 94 of the First Amended Complaint.

95.     Defendant DMS is without knowledge as to whether TOM and LOM share administrative services and therefore denies the allegations set forth in Paragraph 95 of the First Amended Complaint.

96.     Defendant DMS is without knowledge as to whether TOM and LOM share corporate offices and therefore denies the allegations set forth in Paragraph 96 of the First Amended Complaint.

97.     Defendant DMS admits that DMS, during some of the relevant period, had a business relationship with Defendants TOYOTA and LEXUS and provided the services of Plaintiffs, who were independent contractors for DMS, to provide car washing duties on the premises of Defendants TOYOTA and LEXUS.  Defendants deny that Plaintiffs were ever employees of any of the Defendants.  Rather, at all relevant times Plaintiffs were independent

contractors for DMS. Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 97 of the First Amended Complaint to the extent they infer or imply any wrongdoing.

98.     Defendant DMS is without knowledge as to whether TOM and LOM operate using brand names owned by Toyota Motor Sales Inc., U.S.A. (i.e., "Toyota" and "Lexus") and therefore denies the allegations set forth in Paragraph 98 of the First Amended Complaint.

99.     Defendant DMS admits that DMS, during some of the relevant period, had a business relationship with Defendants TOYOTA and LEXUS and provided the services of Plaintiffs, who were independent contractors for DMS, to provide car washing duties on the premises of Defendants TOYOTA and LEXUS. Defendant denies that Plaintiffs were ever employees of any of the Defendants. Rather, at all relevant times Plaintiffs were independent contractors for DMS. Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 99 of the First Amended Complaint to the extent they infer or imply any wrongdoing.

100.     Defendant DMS admits that DMS, during some of the relevant period, had a business relationship with Defendants TOYOTA and LEXUS and provided the services of Plaintiffs, who were independent contractors for DMS, to provide car washing duties on the premises of Defendants TOYOTA and LEXUS. Defendant denies that Plaintiffs were ever employees of any of the Defendants. Rather, at all relevant times Plaintiffs were independent contractors for DMS. Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 100 of the First Amended Complaint to the extent they infer or imply any wrongdoing.

101.    Defendant DMS denies the allegations set forth in Paragraph 101 of the First Amended Complaint.

102.    Defendant DMS admits that DMS, during some of the relevant period, had a business relationship with Defendants TOYOTA and LEXUS and provided the services of Plaintiffs, who were independent contractors for DMS, to provide car washing duties on the premises of Defendants TOYOTA and LEXUS.   Defendant denies that Plaintiffs were ever employees of any of the Defendants.   Rather, at all relevant times Plaintiffs were independent contractors for DMS.   Defendant DMS further admits that DMS exercised some "operational control" over Plaintiffs, but denies the allegations set forth in Paragraph 102 of the First Amended Complaint to the extent they infer or imply any wrongdoing.   Defendant DMS additionally denies that any Defendant, other than DMS, exercised any "operational control" over Plaintiffs.   Defendant DMS denies the existence of any such similarly situated group of individuals and Defendant denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.   Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.   Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 102 of the First Amended Complaint.

103.    Defendant DMS denies the allegations set forth in Paragraph 103 of the First Amended Complaint.

104.    Defendant DMS denies the allegations set forth in Paragraph 104 of the First Amended Complaint.

105.    Defendant DMS denies the allegations set forth in Paragraph 105 of the First Amended Complaint.

## **PLAINTIFFS**

106.    Defendant DMS admits that Plaintiff, BARRY THOMPSON, was an independent contractor for DMS and provided detailer and wash services on the premises of Defendant TOYOTA.  Defendant DMS denies that Plaintiff, BARRY THOMPSON, was ever an employee of any of the Defendants.   Defendant denies the dates alleged by Plaintiff, BARRY THOMPSON, as dates he provided services as a detailer and/or service washer.   Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 106 of the First Amended Complaint.

107.    Defendant DMS admits that Plaintiff, BARRY THOMPSON, was an independent contractor for DMS and provided detailer and wash services on the premises of Defendant TOYOTA.  Defendant DMS denies that Plaintiff, BARRY THOMPSON, was ever an employee of any of the Defendant.   Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 107 of the First Amended Complaint.

108.    Defendant DMS admits that Plaintiff, BARRY THOMPSON, was an independent contractor for DMS and provided detailer and wash services on the premises of Defendant TOYOTA.  Defendant DMS denies that Plaintiff, BARRY THOMPSON, was ever an employee of any of the Defendants.   Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 108 of the First Amended Complaint.

109.    Defendant DMS admits that Plaintiff, BARRY THOMPSON, was compensated by DMS for the services he provided based upon the number of services he provided (*i.e.,* a piece rate compensation system).  Defendant DMS denies that Plaintiffs were ever employees of any

Defendant.  Assuming, *arguendo*, they were employees of Defendant, the compensation paid to them was lawful and in compliance with the FLSA.  Defendant DMS further denies the existence of any purported similarly situated group of individuals and Defendant denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 109 of the First Amended Complaint.

110.    Defendant DMS denies the allegations set forth in Paragraph 110 of the First Amended Complaint.

111.    Defendant DMS admits that Plaintiff, BARRY THOMPSON, was provided uniforms that had logos for DMS and "Toyota" on them for purposes of being identifiable as authorized to move cars on the lots.  Defendant DMS denies the existence of any purported similarly situated group of individuals and Defendant DMS denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendant DMS further denies that any Defendant was Plaintiffs' employer.  Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 111 of the First Amended Complaint.

112.    Defendant DMS admits that Plaintiff, BARRY THOMPSON, performed work duties as "detailer" and/or "service washer" as an independent contractor.  Defendant DMS further denies the existence of any purported similarly situated group of individuals and that

Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 112 of the First Amended Complaint.

113.    Defendant DMS admits that Plaintiff, BARRY THOMPSON, performed work duties as "detailer" and/or "service washer" as an independent contractor.  Defendant DMS denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.  Defendant DMS further denies the existence of any purported similarly situated group of individuals and that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 113 of the First Amended Complaint.

114.    Defendant DMS denies the allegations set forth in Paragraph 114 of the First Amended Complaint to the extent they infer or imply any wrongdoing.

115.    Defendant DMS admits that Plaintiff, BARRY THOMPSON, was an independent contractor for DMS and provided detailer and wash services on the premises of Defendant TOYOTA.  Defendant DMS denies that Plaintiff, BARRY THOMPSON, was ever an employee of any of the Defendants.  Defendant denies the hours worked as alleged by Plaintiff, BARRY THOMPSON, as hours he provided services as a detailer and/or service washer.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 115 of the First Amended Complaint.

116.    Defendant DMS admits that Plaintiff, BARRY THOMPSON's, work could fluctuate based on the number of work orders provided by DMS.  Defendant DMS denies that Plaintiffs were ever employees of any Defendant.  Rather, at all relevant times Plaintiffs were properly classified as independent contractors of DMS.  Defendant DMS denies the existence of any such similarly situated group of individuals and Defendant denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 116 of the First Amended Complaint.

117.    Defendant DMS admits that Plaintiff, BARRY THOMPSON's, work could fluctuate based on the number of work orders provided by DMS.  Defendant DMS denies that Plaintiffs were ever employees of any Defendant.  Rather, at all relevant times Plaintiffs were properly classified as independent contractors of DMS.  Defendant DMS denies the existence of any such similarly situated group of individuals and Defendant denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 117 of the First Amended Complaint.

118.    Defendant DMS admits that Plaintiff, BARRY THOMPSON's, work could fluctuate based on the number of work orders provided by DMS.  Defendant DMS denies that Plaintiffs were ever employees of any Defendant.  Rather, at all relevant times Plaintiffs were

properly classified as independent contractors of DMS.  Defendant DMS denies the existence of any such similarly situated group of individuals and Defendant denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 118 of the First Amended Complaint.

119.    Upon information and belief, Defendant DMS denies the allegations set forth in Paragraph 119 of the First Amended Complaint to the extent they infer or imply any wrongdoing.

120.    Defendant DMS denies the allegations set forth in Paragraph 120 of the First Amended Complaint to the extent they infer or imply any wrongdoing.

121.    Defendant DMS denies the allegations set forth in Paragraph 121 of the First Amended Complaint to the extent they infer or imply any wrongdoing.

122.    Defendant DMS denies the allegations set forth in Paragraph 122 of the First Amended Complaint to the extent they infer or imply any wrongdoing.

123.    Defendant DMS admits that Plaintiff, ROGER MORERA, was an independent contractor for DMS and provided detailer and wash services on the premises of Defendant TOYOTA and LEXUS.  Defendant DMS denies that Plaintiff, ROGER MORERA, was ever an employee of any of the Defendants.  Defendant DMS denies the dates alleged by Plaintiff, ROGER MORERA, as dates he provided services as a detailer and/or service washer.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 123 of the First Amended Complaint.

124.    Defendant DMS admits that Plaintiff ROGER MORERA was an independent contractor for DMS and provided detailer and wash services on the premises of Defendant TOYOTA and LEXUS.  Defendant DMS denies that Plaintiff, ROGER MORERA, was ever an employee of any of the Defendants.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 124 of the First Amended Complaint.

125.    Defendant DMS admits that Plaintiff ROGER MORERA was an independent contractor for DMS and provided detailer and wash services on the premises of Defendant TOYOTA and LEXUS.  Defendant DMS denies that Plaintiff, ROGER MORERA, was ever an employee of any of the Defendants.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 125 of the First Amended Complaint.

126.    Defendant DMS admits that Plaintiff ROGER MORERA was compensated by DMS for the services he provided based upon the number of services he provided (*i.e.,* a piece rate compensation system).  Defendant DMS denies that Plaintiffs were ever employees of any Defendant.  Assuming, *arguendo*, they were employees of Defendant, the compensation paid to them was lawful and in compliance with the FLSA.  Defendant DMS further denies the existence of any purported similarly situated group of individuals and Defendant denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 126 of the First Amended Complaint.

127.    Defendant DMS denies the allegations set forth in Paragraph 127 of the First Amended Complaint.

128.    Defendant DMS admits that Plaintiff ROGER MORERA was provided uniforms that had logos for DMS and "Toyota" and/or "Lexus" on them for purposes of being identifiable as authorized to move cars on the lots.  Defendant DMS denies the existence of any purported similarly situated group of individuals and Defendant DMS denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendant DMS further denies that any Defendant was Plaintiffs' employer. Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent. Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 128 of the First Amended Complaint.

129.    Defendant DMS admits that Plaintiff ROGER MORERA performed work duties as "detailer" and/or "service washer" as an independent contractor.  Defendant DMS further denies the existence of any purported similarly situated group of individuals and that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 129 of the First Amended Complaint.

130.    Defendant DMS admits that Plaintiff ROGER MORERA performed work duties as "detailer" and/or "service washer" as an independent contractor.  Defendant DMS denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.  Defendant DMS further denies the existence of any purported similarly situated group of individuals and that Plaintiffs or any group

that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.   Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 130 of the First Amended Complaint.

131.   Defendant DMS denies the allegations set forth in Paragraph 131 of the First Amended Complaint to the extent they infer or imply any wrongdoing.

132.   Defendant DMS admits that Plaintiff ROGER MORERA was an independent contractor for DMS and provided detailer and wash services on the premises of Defendant TOYOTA and LEXUS.   Defendant DMS denies that Plaintiff, ROGER MORERA, was ever an employee of any of the Defendant.   Defendant denies the hours worked as alleged by Plaintiff, ROGER MORERA, as hours he provided services as a detailer and/or service washer.   Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 132 of the First Amended Complaint.

133.   Defendant DMS admits that Plaintiff ROGER MORERA's work could fluctuate based on the number of work orders provided by DMS.   Defendant DMS denies that Plaintiffs were ever employees of any Defendant.   Rather, at all relevant times Plaintiffs were properly classified as independent contractors of DMS.   Defendant DMS denies the existence of any such similarly situated group of individuals and Defendant denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.   Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.   Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 133 of the First Amended Complaint.

134.    Defendant DMS admits that Plaintiff ROGER MORERA's work could fluctuate based on the number of work orders provided by DMS.  Defendant DMS denies that Plaintiffs were ever employees of any Defendant.  Rather, at all relevant times Plaintiffs were properly classified as independent contractors of DMS.  Defendant DMS denies the existence of any such similarly situated group of individuals and Defendant denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 134 of the First Amended Complaint.

135.    Upon information and belief, Defendant DMS denies the allegations set forth in Paragraph 135 of the First Amended Complaint to the extent they infer or imply any wrongdoing.

136.    Defendant DMS denies the allegations set forth in Paragraph 136 of the First Amended Complaint to the extent they infer or imply any wrongdoing.

137.    Defendant DMS denies the allegations set forth in Paragraph 137 of the First Amended Complaint to the extent they infer or imply any wrongdoing.

138.    Defendant DMS denies the allegations set forth in Paragraph 138 of the First Amended Complaint to the extent they infer or imply any wrongdoing.

139.    Defendant DMS admits that Plaintiff, GREGORY RAYMOND, was an independent contractor for DMS and provided detailer and wash services on the premises of Defendant TOYOTA.  Defendants DMS denies that Plaintiff, GREGORY RAYMOND, was ever an employee of any of the Defendants.  Defendant DMS denies the dates alleged by

Plaintiff, GREGORY RAYMOND, as dates he provided services as a detailer and/or service washer.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 139 of the First Amended Complaint.

140.    Defendant DMS admits that Plaintiff, GREGORY RAYMOND, was an independent contractor for DMS and provided detailer and wash services on the premises of Defendant TOYOTA.  Defendant DMS denies that Plaintiff, GREGORY RAYMOND, was ever an employee of any of the Defendants.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 140 of the First Amended Complaint.

141.    Defendant DMS admits that Plaintiff GREGORY RAYMOND was an independent contractor for DMS and provided detailer and wash services on the premises of Defendant TOYOTA and LEXUS.   Defendant DMS denies that Plaintiff, GREGORY RAYMOND, was ever an employee of any of the Defendants.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 141 of the First Amended Complaint.

142.    Defendant DMS admits that Plaintiff, GREGORY RAYMOND, was compensated by DMS for the services he provided based upon the number of services he provided (*i.e.,* a piece rate compensation system).  Defendant DMS denies that Plaintiffs were ever employees of any Defendant.  Assuming, *arguendo*, they were employees of Defendant, the compensation paid to them was lawful and in compliance with the FLSA.  Defendant DMS further denies the existence of any purported similarly situated group of individuals and Defendant denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged

group or "class" of individuals they purport to represent.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 142 of the First Amended Complaint.

143.    Defendant DMS denies the allegations set forth in Paragraph 143 of the First Amended Complaint.

144.    Defendant DMS admits that Plaintiff, GREGORY RAYMOND, was provided uniforms that had logos for DMS and "Toyota" on them for purposes of being identifiable as authorized to move cars on the lots.  Defendant DMS denies the existence of any purported similarly situated group of individuals and Defendant DMS denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendant DMS further denies that any Defendant was Plaintiffs' employer. Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent. Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 144 of the First Amended Complaint.

145.    Defendant DMS admits that Plaintiff, GREGORY RAYMOND, performed work duties as "detailer" and/or "service washer" as an independent contractor.  Defendant DMS further denies the existence of any purported similarly situated group of individuals and that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 145 of the First Amended Complaint.

146.    Defendant DMS admits that Plaintiff, GREGORY RAYMOND, performed work duties as "detailer" and/or "service washer" as an independent contractor.  Defendant DMS denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.  Defendant DMS further denies the existence of any purported similarly situated group of individuals and that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.   Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 146 of the First Amended Complaint.

147.    Defendant DMS denies the allegations set forth in Paragraph 147 of the First Amended Complaint to the extent they infer or imply any wrongdoing.

148.    Defendant DMS admits that Plaintiff, GREGORY RAYMOND, was an independent contractor for DMS and provided detailer and wash services on the premises of Defendant TOYOTA.  Defendant DMS denies that Plaintiff, GREGORY RAYMOND, was ever an employee of any of the Defendants.  Defendant denies the hours worked as alleged by Plaintiff, GREGORY RAYMOND, as hours he provided services as a detailer and/or service washer.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 148 of the First Amended Complaint.

149.    Defendant DMS admits that Plaintiff, GREGORY RAYMOND's, work could fluctuate based on the number of work orders provided by DMS.  Defendant DMS denies that Plaintiffs were ever employees of any Defendant.  Rather, at all relevant times Plaintiffs were properly classified as independent contractors of DMS.  Defendant DMS denies the existence of any such similarly situated group of individuals and Defendant denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief

whatsoever.  Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 149 of the First Amended Complaint.

150.    Defendant DMS admits that Plaintiff, GREGORY RAYMOND's, work could fluctuate based on the number of work orders provided by DMS.  Defendant DMS denies that Plaintiffs were ever employees of any Defendant.  Rather, at all relevant times Plaintiffs were properly classified as independent contractors of DMS.  Defendant DMS denies the existence of any such similarly situated group of individuals and Defendant denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 150 of the First Amended Complaint.

151.    Defendant DMS admits that Plaintiff, GREGORY RAYMOND's, work could fluctuate based on the number of work orders provided by DMS.  Defendant DMS denies that Plaintiffs were ever employees of any Defendant.  Rather, at all relevant times Plaintiffs were properly classified as independent contractors of DMS.  Defendant DMS denies the existence of any such similarly situated group of individuals and Defendant denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to

represent.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 151 of the First Amended Complaint.

152.    Upon information and belief, Defendant DMS denies the allegations set forth in Paragraph 152 of the First Amended Complaint to the extent they infer or imply any wrongdoing.

153.    Defendant DMS denies the allegations set forth in Paragraph 153 of the First Amended Complaint to the extent they infer or imply any wrongdoing.

154.    Defendant DMS denies the allegations set forth in Paragraph 154 of the First Amended Complaint to the extent they infer or imply any wrongdoing.

155.    Defendant DMS denies the allegations set forth in Paragraph 155 of the First Amended Complaint to the extent they infer or imply any wrongdoing.

156.    Upon understanding and belief, Defendant DMS admits the physical locations where Plaintiffs worked as independent contractors for DMS were owned or operated by either TOM or LOM.  Defendant DMS denies that Plaintiffs were ever employees of any of the Defendants.  As stated, at all relevant times Plaintiffs were independent contractors for DMS.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 156 of the First Amended Complaint.

157.    Defendant cannot admit nor deny the allegations and therefore denies the allegations as set forth in Paragraph 157 of the First Amended Complaint.

158.    Defendant DMS admits that DMS exercised some "operational control" over Plaintiffs, but deny the allegations set forth in Paragraph 158 of the First Amended Complaint to the extent they infer or imply any wrongdoing.  Defendant DMS further denies that any Defendant, other than DMS, exercised any "operational control" over Plaintiffs.  Defendant

DMS further denies the existence of any such similarly situated group of individuals and Defendants deny that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 158 of the First Amended Complaint.

159.   Defendant DMS admits that DMS exercised some "operational control" over Plaintiffs, but deny the allegations set forth in Paragraph 159 of the First Amended Complaint to the extent they infer or imply any wrongdoing.  Defendant DMS further denies that any Defendant, other than DMS, exercised any "operational control" over Plaintiffs.  Defendant DMS further denies the existence of any such similarly situated group of individuals and Defendants deny that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 159 of the First Amended Complaint.

160.   Defendant DMS admits that DMS exercised some control over Plaintiffs' work schedules, work performed, time away from work, and the manner in which the work was performed to ensure quality services, but denies the allegations set forth in Paragraph 160 of the First Amended Complaint to the extent they infer or imply any wrongdoing.  Defendant DMS further denies that any Defendant, other than DMS, exercised any control over Plaintiffs' work

hours, work schedule, time away from work and the work they performed.  Defendant DMS further denies the existence of any such similarly situated group of individuals and Defendant denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.   Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 160 of the First Amended Complaint.

161.    Defendant DMS denies the allegations set forth in Paragraph 161 of the First Amended Complaint because Plaintiffs' skill in managing their time and the ability to be productive and efficient directly influenced their compensation and terms.  Defendant DMS further denies that any Defendant other than DMS exercised any control over Plaintiffs' work and their profit and loss opportunities.  Defendant DMS further denies the existence of any such similarly situated group of individuals and Defendant denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 161 of the First Amended Complaint.

162.    Defendant DMS denies the allegations set forth in Paragraph 162 of the First Amended Complaint because Plaintiffs' skill in managing their time and the ability to be productive and efficient directly influenced their compensation.  Defendant DMS further denies that any Defendant other than DMS exercised any control over Plaintiffs work and their profit

and loss opportunities. Defendant DMS further denies the existence of any such similarly situated group of individuals and Defendant denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever. Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent. Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 162 of the First Amended Complaint.

163. Defendant DMS denies the allegations set forth in Paragraph 163 of the First Amended Complaint because Plaintiffs' skill in managing their time and the ability to be productive and efficient directly influenced their compensation and terms. Defendant DMS further denies that any Defendant other than DMS exercised any control over Plaintiffs' work and their profit and loss opportunities. Defendant DMS further denies the existence of any such similarly situated group of individuals and Defendant denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever. Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent. Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 163 of the First Amended Complaint.

164. Defendant DMS admits that DMS provided work orders to Plaintiffs in the order in which DMS received them and DMS expected Plaintiffs to complete the work orders in the same order they were received, but deny the allegations set forth in Paragraph 164 of the First Amended Complaint to the extent they infer or imply any wrongdoing. Defendant DMS further denies that any Defendant, other than DMS, exercised any control over the work or order of

work Plaintiffs performed.  Defendant DMS further denies the existence of any such similarly situated group of individuals and Defendant denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever. Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent. Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 164 of the First Amended Complaint.

165.    Defendant DMS denies the allegations set forth in Paragraph 165 of the First Amended Complaint because Plaintiffs' skill in managing their time and the ability to be productive and efficient directly influenced their compensation and terms.  Defendant DMS further denies that any Defendant other than DMS exercised any control over Plaintiffs work and their profit and loss opportunities.  Defendant DMS further denies the existence of any such similarly situated group of individuals and Defendant denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 165 of the First Amended Complaint.

166.    Defendant DMS denies that Plaintiffs' opportunity for profit and loss was solely a function of the number and types of jobs they performed.  Plaintiffs' skill in managing their time and the ability to be productive and efficient directly influenced their compensation.  In addition, Plaintiffs were at all times free to conduct services for other [detail] companies so long as they satisfied their agreed upon services for DMS, many of which did so.  Defendant DMS further

denies the existence of any such similarly situated group of individuals and Defendant denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendant DMS further denies that they violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 166 of the First Amended Complaint.

167.    Defendant DMS denies the allegations set forth in Paragraph 167 of the First Amended Complaint because Plaintiffs' skill in managing their time and the ability to be productive and efficient directly influenced their compensation and terms.  Defendant DMS further denies that any Defendant other than DMS exercised any control over Plaintiffs work and their profit and loss opportunities.  Defendant DMS further denies the existence of any such similarly situated group of individuals and Defendant denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 167 of the First Amended Complaint.

168.    Defendant DMS admits that Plaintiffs were compensated by DMS for the services they provided based upon the number of services they provided (*i.e.,* a piece rate compensation system).   Defendant DMS denies that Plaintiffs were ever employees of any Defendant. Defendant DMS further admits that the number and types of jobs, as well as the quality, quantity, and pace of Plaintiffs' services could impact the amount paid to them.  Defendant DMS denies the existence of any such similarly situated group of individuals and Defendant denies that

Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 168 of the First Amended Complaint.

169.    Defendant DMS admits that Plaintiffs were compensated by DMS for the services they provided based upon the number of services they provided (*i.e.,* a piece rate compensation system).    Defendant DMS denies that Plaintiffs were ever employees of any Defendant. Defendant DMS further admits that the number and types of jobs, as well as the quality, quantity, and pace of Plaintiffs' services could impact the amount paid to them.  Defendant DMS denies the existence of any such similarly situated group of individuals and Defendant denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 169 of the First Amended Complaint.

170.    Defendant DMS denies the allegations set forth in Paragraph 170 of the First Amended Complaint to the extent they infer or imply any wrongdoing.  Defendant DMS admits that the number and types of jobs, as well as the quality, quantity, and pace of Plaintiffs' services could impact the amount paid to them.  Defendant DMS denies the existence of any such similarly situated group of individuals and Defendant denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendant DMS further denies that it violated the FLSA or any other law with

respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 170 of the First Amended Complaint.

171.    Defendant DMS denies that Plaintiffs were not in business for themselves or could only perform detailing and car washing services for DMS or at Toyota or Lexus lots. Plaintiffs were at all times free to conduct services for other companies so long as they satisfied their agreed upon services for DMS.  Defendant DMS further denies that any Defendant, other than DMS, exercised any control over the work orders and work they performed.  Defendant DMS further denies the existence of any such similarly situated group of individuals and Defendant denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.  Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 171 of the First Amended Complaint.

## DEFENDANTS' UNLAWFUL PAY AND RECORDKEEPING POLICIES

172.    Defendant DMS denies the allegations set forth in Paragraph 172 of the First Amended Complaint to the extent they infer or imply any wrongdoing.

173.    Defendant DMS denies the allegations set forth in Paragraph 173 of the First Amended Complaint to the extent they infer or imply any wrongdoing.

174.    Defendant DMS denies the allegations set forth in Paragraph 174 of the First Amended Complaint to the extent they infer or imply any wrongdoing.

175.    Defendant DMS denies the allegations set forth in Paragraph 175 of the First Amended Complaint to the extent they infer or imply any wrongdoing.

176.    Defendant DMS denies the allegations set forth in Paragraph 176 of the First Amended Complaint to the extent they infer or imply any wrongdoing.

177.    Defendant DMS denies the allegations set forth in Paragraph 177 of the First Amended Complaint to the extent they infer or imply any wrongdoing.

178.    Defendant DMS denies the allegations set forth in Paragraph 178 of the First Amended Complaint to the extent they infer or imply any wrongdoing.

179.    Defendant DMS admits that Plaintiffs were compensated by DMS for the services they provided based upon the number of services they provided (*i.e.,* a piece rate compensation system).   Defendant DMS denies that Plaintiffs were ever employees of any Defendant. Assuming, *arguendo*, they were employees of Defendant, the compensation paid to them was lawful and in compliance with the FLSA.   Defendant DMS further denies the existence of any purported similarly situated group of individuals and Defendant denies that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.   Defendant DMS further denies that it violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group or "class" of individuals they purport to represent.   Except as expressly admitted herein, Defendant DMS denies the allegations set forth in Paragraph 179 of the First Amended Complaint.

180.    Defendant DMS denies the allegations set forth in Paragraph 180 of the First Amended Complaint to the extent they infer or imply any wrongdoing.

181.    Defendant DMS denies the allegations set forth in Paragraph 181 of the First Amended Complaint to the extent they infer or imply any wrongdoing.

182.    Defendant DMS denies the allegations set forth in Paragraph 182 of the First Amended Complaint to the extent they infer or imply any wrongdoing.

183.    Defendant DMS denies the allegations and all subparts (1) through (4) set forth in Paragraph 183 of the First Amended Complaint.

## COUNT I – UNPAID MINIMUM WAGES

184.    In response to Paragraph 184, Defendant DMS incorporates its responses to Paragraphs 1 through 183 above.

185.    Defendant DMS denies the allegations set forth in Paragraph 185 of the First Amended Complaint.

186.    Defendant DMS denies the allegations set forth in Paragraph 186 of the First Amended Complaint.

187.    Defendant DMS denies the allegations set forth in Paragraph 187 of the First Amended Complaint.

188.    Defendant DMS denies the allegations set forth in Paragraph 188 of the First Amended Complaint.

189.    Defendant DMS denies the allegations set forth in Paragraph 189 of the First Amended Complaint.

190.    Defendant DMS denies the allegations set forth in Paragraph 190 of the First Amended Complaint.

191.    Defendant DMS denies the allegations set forth in Paragraph 191 of the First Amended Complaint.

192.    Defendant DMS denies the allegations set forth in Paragraph 192 of the First Amended Complaint.

193.     Defendant DMS denies the allegations set forth in Paragraph 193 of the First Amended Complaint.

194.     Defendant DMS denies the allegations set forth in Paragraph 194 of the First Amended Complaint.

195.     Defendant DMS denies the allegations set forth in Paragraph 195 of the First Amended Complaint.

196.     Defendant DMS denies the allegations set forth in Paragraph 196 of the First Amended Complaint.

197.     Defendant DMS denies the allegations set forth in Paragraph 197 of the First Amended Complaint.

198.     Defendant DMS denies the allegations set forth in Paragraph 198 of the First Amended Complaint.

### RESPONSE TO PLAINTIFFS' UNNUMBERED "WHEREFORE PARAGRAPH"

Defendant DMS denies that Plaintiffs or any groups of individuals whom they purport to represent, the existence of which is expressly denied, are entitled to any of the relief identified in Plaintiffs' Wherefore clause/Prayer for Relief or to any other relief of any nature whatsoever.

### COUNT II – UNPAID OVERTIME WAGES

199.     In response to Paragraph 199, Defendant DMS incorporates its responses to Paragraphs 1 through 198 above.

200.     Defendant DMS denies the allegations set forth in Paragraph 200 of the First Amended Complaint.

201.     Defendant DMS denies the allegations set forth in Paragraph 201 of the First Amended Complaint.

202.    Defendant DMS denies the allegations set forth in Paragraph 202 of the First Amended Complaint.

203.    Defendant DMS denies the allegations set forth in Paragraph 203 of the First Amended Complaint.

204.    Defendant DMS denies the allegations set forth in Paragraph 204 of the First Amended Complaint.

205.    Defendant DMS denies the allegations set forth in Paragraph 205 of the First Amended Complaint.

206.    Defendant DMS denies the allegations set forth in Paragraph 206 of the First Amended Complaint.

207.    Defendant DMS denies the allegations set forth in Paragraph 207 of the First Amended Complaint.

208.    Defendant DMS denies the allegations set forth in Paragraph 208 of the First Amended Complaint.

209.    Defendant DMS denies the allegations set forth in Paragraph 209 of the First Amended Complaint.

210.    Defendant DMS denies the allegations set forth in Paragraph 210 of the First Amended Complaint.

211.    Defendant DMS denies the allegations set forth in Paragraph 211 of the First Amended Complaint.

212.    Defendant DMS denies the allegations set forth in Paragraph 212 of the First Amended Complaint.

213.    Defendant DMS denies the allegations set forth in Paragraph 213 of the First Amended Complaint.

**RESPONSE TO PLAINTIFFS' UNNUMBERED "WHEREFORE PARAGRAPH"**

Defendant DMS denies that Plaintiffs or any groups of individuals whom they purport to represent, the existence of which is expressly denied, are entitled to any of the relief identified in Plaintiffs' Wherefore clause/Prayer for Relief or to any other relief of any nature whatsoever.

Defendant DMS denies each and every allegation in the First Amended Complaint that is not expressly admitted herein.

In further support, Defendant DMS states as follows:

**FIRST AFFIRMATIVE DEFENSE**

Some or all of the claims asserted in the First Amended Complaint fail to state a claim upon which relief may be granted against Defendant by this Court.

**SECOND AFFIRMATIVE DEFENSE**

Some or all of the claims asserted in the First Amended Complaint are barred by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Timothy Puffer is not an employer, as that term is defined by the FLSA, of Plaintiffs or any alleged group of individuals they purport to represent, the existence of which is expressly denied.

**FOURTH AFFIRMATIVE DEFENSE**

Venue is not proper as Timothy Puffer, DEALERSHIP MANAGEMENT SERVICES, INC. and/or to some or all of the alleged groups of individuals Plaintiffs purport to represent, the existence of which is expressly denied.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the First Amended Complaint are barred by the equitable doctrines of laches, waiver, estoppel and/or unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs and/or some or all of the members of the alleged groups of individuals which Plaintiffs purport to represent, the existence of which is expressly denied, have failed to comply with their legal duty to mitigate their claimed damages, their entitlement thereto being expressly denied.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot satisfy the requirements of a collective action under the FLSA, and some or all of the claims asserted in the First Amended Complaint are barred because Plaintiffs are not similarly situated to the group of individuals they purport to represent, the existence of which is expressly denied, and/or the members of the group of individuals Plaintiffs purport to represent, the existence of which is expressly denied, are not similarly situated to each other.

## EIGHTH AFFIRMATIVE DEFENSE

Some or all of the claims alleged by Plaintiffs are neither common to nor typical of those, if any, of the alleged groups of individuals whom they purport to represent, the existence of which is expressly denied.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs are an inadequate representative of the alleged group of individuals whom they purport to represent, the existence of which is expressly denied.

## TENTH AFFIRMATIVE DEFENSE

The types of claims alleged by Plaintiffs on behalf of themselves and the group of individuals which they purport to represent, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for class or collective treatment.

## ELEVENTH AFFIRMATIVE DEFENSE

Timothy Puffer was not sufficiently involved in the day-to-day operation nor did he have direct responsibility for the supervision of Plaintiffs or any alleged group of individuals they purport to represent, the existence of which is expressly denied, to establish individual liability under the FLSA.

## TWELFTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the First Amended Complaint are unsuitable for collective treatment because the prosecution of separate actions by members of the groups of individuals Plaintiffs purport to represent, the existence of which is expressly denied, would not create a risk of adjudications with respect to proposed collective action members which would as a practical matter be dispositive of the interests of the other purported collective action members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

## THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the First Amended Complaint are barred because a collective action is not superior to other available methods for the fair and efficient adjudication of this controversy.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to raise some or all of their individual claims and claims of the alleged groups of individuals which they purport to represent, the existence of which is expressly denied.

## FIFTEENTH AFFIRMATIVE DEFENSE

With respect to some or all claims brought or allegedly brought by Plaintiffs and/or members of the alleged groups which they purport to represent, the existence of which is expressly denied, Defendant DMS affirmatively pleads that any act(s) and/or omission(s) which may be found to be in violation of the rights afforded by the FLSA and/or other applicable law, were not willful, but occurred in good faith and were based upon reasonable factors.

## SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the First Amended Complaint are barred because all acts or omissions were in good faith conformity with and reliance on the written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the United States Department of Labor.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Neither Plaintiffs nor any member of the groups of individuals Plaintiffs purport to represent, the existence of which is expressly denied, are entitled to some or all of the relief requested in the First Amended Complaint because, even if any unlawful practice(s) occurred, which Defendant DMS denies, such practice(s) was/were prohibited by DMS's policies and not committed, countenanced, ratified, or approved by higher management in Defendant DMS.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The damages claimed by Plaintiffs and/or the members of the alleged groups which they purport to represent, the existence of which is expressly denied, are barred to the extent they are speculative in nature.

## NINTEENTH AFFIRMATIVE DEFENSE

Certain of the interests of the Plaintiffs are in conflict with the interests of some or all of the members of the alleged groups of individuals which Plaintiffs purport to represent, the existence of which is expressly denied.

## TWENTIETH AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim for which liquidated damages may be granted.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Notice to the alleged groups that Plaintiffs purport to represent, the existence of which is expressly denied, would be a violation of Defendant' due process rights.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The First Amended Complaint is barred, in whole or in part, because some or all of the time for which compensation is sought is *de minimus* and therefore is not compensable.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The First Amended Complaint is barred, in whole or in part, because it requests relief which exceeds that available under applicable law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Some or all of the claims in the First Amended Complaint are barred in whole or in part by the doctrine of avoidable consequences.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Some or all of the claims in the First Amended Complaint are barred by the doctrine of election of remedies.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The certification and trial of this case as a collective action would violate Defendant's rights under the Fifth and Seventh Amendments to the United States Constitution.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of those individuals they seek to represent are barred, at least in part, under the doctrines of accord and satisfaction, payment or set off, to the extent they have been fully compensated for any wages owed and, by accepting the payments made to them, have effectuated an accord and satisfaction of their claims.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of those individuals they seek to represent are barred, at least in part, by the doctrine of judicial estoppel, to the extent they have filed for bankruptcy and not disclosed the claims asserted herein as assets of the bankruptcy estate in the bankruptcy petition or attached schedules.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Assuming, *arguendo,* Plaintiffs and the members of the groups they purport to represent, the existence of which is expressly denied, are subject to the FLSA, which is denied, and assuming, *arguendo*, Plaintiffs and those individuals Plaintiffs seek to represent were not properly paid, which is denied, some or all of the time worked by Plaintiffs or those individuals Plaintiffs seek to represent is not compensable under the provisions of the Portal-to-Portal Act, 29 U.S.C. §§ 251-62.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' requests for relief that are equitable in nature must be dismissed because Plaintiffs and members of the groups they purport to represent, the existence of which is expressly denied, have adequate remedies at law.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

At all relevant times Defendant DMS honestly intended to ascertain the FLSA's requirements and to comply with them.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant reserves the right to plead, assert, and rely upon all proper affirmative defenses lawfully available, including those which may be disclosed or discovered through further assertions by Plaintiffs, persons Plaintiffs purport to represent, or discovery.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The First Amended Complaint, and each purported cause of action set forth therein, is barred in whole, or in part, by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs and others with whom they are allegedly "similarly situated", the existence of which Defendant denies, were engaged in activities that were not compensable work under the FLSA and were not an integral and indispensable part of their principal activities, including non-compensable activities that were preliminary to their principal activities and errands and other personal business conducted during the workday.

WHEREFORE, having fully answered and responded to the allegations of the First Amended Complaint, Defendant DMS respectfully requests that:

(1)     Plaintiffs' claims be dismissed with prejudice in their entirety;

(2)    Each and every prayer for relief contained in the First Amended

Complaint be denied;

(3)    Judgment be entered in favor of the Defendant;

(4)    All costs, including reasonable attorneys' fees, be awarded to Defendant

and against Plaintiffs pursuant to applicable laws; and

(5)    Defendant have such other relief as this Court may deem just and proper.

DATED:  November 7, 2014.

> Respectfully submitted,
>
> S/ TRIZIA G. EAVENSON
> Trizia G. Eavenson, Esquire
> Florida Bar No.: 64264
> *Attorneys for Defendant, Dealership Management*
> *Services, Inc. ("DMS")*
> MOORE EAVENSON BAUGHAN, PLC
> 895 Barton Blvd
> Suite B
> Rockledge, FL 32955
> Telephone:  (321) 636-2221
> Fax: (321) 636-2224
> E-mail: Trizia@MEBlawfirm.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 7, 2014, true and correct copies of the foregoing documents were sent via electronic mail to the following:

C. Ryan Morgan, Esquire
Florida Bar. No. 15527
Christina J. Thomas, Esquire
Florida Bar No. 74846
*Attorneys for Plaintiffs*
MORGAN & MORGAN, P.A.
20 N. Orange Avenue
14th Floor
Orlando, Florida 32801
Telephone: (407) 420-1414
Fax: (407) 245-3401
E-Mail: CThomas@ForThePeople.com
E-Mail: RMorgan@ForThePeople.com

Scott Atherton, Esquire
Florida Bar No.: 749591
Harris Nizel, Esquire
Florida Bar No.: 807931
*Attorneys for Defendants,*
*TT of Brevard, Inc. d/b/a Toyota of Melbourne;*
*TT of Melbourne, Inc. d/b/a Lexus of Melbourne;*
Atherton Law Group
224 Datura St.
Suite 185
West Palm Beach, Florida  33401
Phone:  (561) 293-2530 Ext. 1003
Fax: (561) 293-2593
Harris@Athertonlg.com
Scott@Athertonlg.com

        S/ TRIZIA G. EAVENSON
        Trizia G. Eavenson, Esquire
        Florida Bar No.: 64264
        *Attorneys for Defendant, Dealership Management Services,*
        *Inc. ("DMS")*
        MOORE EAVENSON BAUGHAN, PLC
        895 Barton Blvd, Suite B
        Rockledge, FL 32955
        Telephone:  (321) 636-2221
        Fax: (321) 636-2224
        E-mail: Trizia@MEBlawfirm.com